UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE E. W. BLANCH HOLDINGS, INC.
SECURITIES LITIGATION

Civ. No. 01-258 (JEL/JGL)

## STIPULATION AND PROTECTIVE ORDER

**THE COURT HEREBY DIRECTS** that this Protective Order ("Order") be entered in this action pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties in the action. The purpose of this Order is to safeguard the confidentiality of certain proprietary and confidential documents and information that any person or entity may be called upon to produce during the course of the action.

1. "Confidential Materials" subject to protection under this Order shall be the documents and information designated as "CONFIDENTIAL" in accordance with paragraphs 2 and 3 of this Order. The following are entitled to designation as Confidential Materials if they contain or reflect a trade secret, other confidential research, development, or commercial information, or private personal information:

(a) Documents and other things produced or otherwise disclosed, including all copies thereof;

(b) Interrogatory answers, discovery responses, affidavits, or appendices or exhibits thereto, including all copies thereof; and

(c) Testimony given in this action by any person, whether by deposition or otherwise, including all transcript copies thereof.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Confidential Materials in documentary form shall be designated by writing or stamping "CONFIDENTIAL" on the documents at or prior to the time that the documents are produced or exchanged. In lieu of marking originals of the documents, the person or entity producing the documents ("producing person") may mark the copies that are produced or exchanged. In the event that the producing person inadvertently fails to designate a document as "CONFIDENTIAL" prior to its production, the producing person may subsequently make such designation by notifying the other parties in writing as soon as practicable. Upon receiving such written notice, the other parties shall place the appropriate "CONFIDENTIAL" designation on the document and shall treat it as subject to this Order.

3. Confidential Materials in the form of testimony shall be so designated by counsel on the record prior to the time that the deposition is adjourned, or in writing within thirty (30) days of counsel's receipt of the transcript of the deposition. The questions and answers designated by counsel as pertaining to Confidential Materials shall be transcribed separately from the remainder of the deposition. The portions of transcripts designated as including Confidential Materials shall be retained by counsel, unless filed in this Court, in which event they shall be filed under seal in an envelope which includes on its face the statement set forth in paragraph 9 of this Order.

4. Confidential Materials shall not be given, shown, made available, communicated, or disclosed by anyone other than the person or entity producing the Confidential Materials to persons or entities other than:

(a) The attorneys of record in this action, their associated attorneys, legal assistants, and staff members working on the action;

(b) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(c) Natural persons who are parties to this action;

(d) Officers and employees of the parties to this action who are actively assisting counsel in the preparation and trial of this action;

(e) The Court, in accordance with paragraphs 8, 9 and 10 of this Order;

(f) Deposition witnesses who authored or received the Confidential Materials, or who are parties or employees of a party;

(g) Independent consultants and/or experts retained by a party to work on the action, provided, however, that before any such consultant or expert is shown or receives any Confidential Materials, he must read a copy of this Order and agree in writing to abide by it, by executing a copy of the Agreement that is Exhibit A to this Order; and

(h) Such persons as the undersigned counsel shall mutually consent to in writing prior to the proposed disclosure.

5. Confidential Materials shall be used solely for the preparation, trial, appeal, and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever. Furthermore, no person or entity shall give, disclose, make available, or communicate Confidential Materials to any person or entity not expressly authorized by this Order to receive respectively such Confidential Materials. A party's use for any purpose of its own documents and other information which it produces or discloses in this action shall not be considered a violation of this Order.

6. Counsel for any party may exclude from the room during a deposition any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Materials. Confidential Materials shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order.

7. Any court reporter or transcriber who reports or transcribes testimony in this action that is designated as "CONFIDENTIAL" shall agree that such testimony is and shall remain confidential, that such testimony shall not be disclosed by such reporter or transcriber except to counsel and any other persons who are present while such testimony is being given, and that any transcript, reporter's notes or any other transcription records shall be held in absolute confidentiality and safekeeping by such reporter or transcriber.

8. In the event that any party wishes to use any Confidential Materials in support of any dispositive motion and to submit those Confidential Materials to the Court without being sealed, then such party shall give 10 days' notice, in writing, to the producing or designating person of the party's intended use of the Confidential Materials. If the producing or designating person objects to the intended use of the Confidential Materials without being sealed, and to preserve its objections, the producing or designating person must: (a) within three days of receiving the notice referred to in this paragraph, give written notice of its objections to the party from whom it received the notice; and (b) within seven days of receiving the notice referred to in this paragraph, move the Court for a determination whether or not such Confidential Materials shall, or shall not, be filed under seal. Until the Court resolves the motion, such Confidential Materials shall be filed under seal and remain under seal. The producing or designating person shall bear the burden of persuading the Court that such Confidential Materials should be filed and kept under seal.

9. Except as provided in paragraph 8 above, any documents, including but not limited to pleadings, memoranda, deposition notices, deposition transcripts, interrogatories, requests for document production, subpoenas, and responses thereto, containing, paraphrasing, summarizing, or quoting Confidential Materials hereafter filed with the Court shall be filed with the Court in a sealed envelope or other suitable container with a cover label bearing the caption of the action, the title of the document, and a statement substantially in the following form:

**FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT**

This envelope contains CONFIDENTIAL material encompassed by a STIPULATED PROTECTIVE ORDER and is not to be opened nor the contents thereof displayed or revealed except by Order of this Court.

10. If, at the time of trial or in connection with any hearing, counsel for any party intends to introduce any Confidential Materials produced by a person or entity other than his client, he shall so inform the Court and counsel for the producing or designating person as far in advance as possible, and the Court may take such steps, at the request of the producing or designating person or on its own initiative, as it deems necessary to preserve the confidentiality of such Confidential Materials.

11. Nothing herein shall prevent disclosure beyond the terms of this Order if the parties consent to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

12. Within 60 days after the final termination of the action, including all appeals, all Confidential Materials, all copies of the same, and all excerpts therefrom, shall be returned to the producing person or destroyed; provided, however, that counsel for the parties

may retain for their files a copy of any pleadings, memoranda, affidavits, orders, transcripts, discovery responses, and work product containing or reflecting Confidential Materials.

13. This Order is without prejudice to the rights of any party to seek modification of its provisions or challenge the propriety of any confidentiality designation upon motion duly noticed and served. Upon motion duly noticed and served, any party may seek judicial review of any confidentiality designation made pursuant to paragraphs 2 or 3 above. On any such motion, the producing or designating person shall bear the burden of persuading the Court that its confidentiality designation was proper.

14. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege or protected from discovery as work product, and no person shall be held to have waived any such rights by inadvertent production. Upon written request by the person who inadvertently produced the information, the party who received the information: (a) shall return the original and all copies of such documents; and (b) shall not use such information for any purpose until further order of the Court.

15. Any person or entity not a party to this action who is called upon to produce documents or to provide testimony in this action, and who wishes to obtain the protection of this Order for such documents or testimony, may join this Stipulation and Order by stating, in a writing that is served upon counsel for all the undersigned parties, its intention to join in the Stipulation and Order. Upon service of such a writing, the non-party shall be bound by the terms of this Order and shall be subject to all of the rights and obligations set forth herein, in the same manner and to the same extent as if the non-party were in fact a party to this action.

16. The Court retains jurisdiction to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court may from time to time deem appropriate.

**STIPULATION**

The undersigned counsel for the parties hereby stipulate to entry of this Protective Order. To facilitate execution of this Stipulation, they also agree that facsimile signatures on this Stipulation will have the same binding legal effect as original signatures.

Date: October 14, 2002.

**CHESTNUT & CAMBRONNE, P.A.**

By ______________________

Karl L. Cambronne (#14321)
Jack L. Chestnut (#16378)
Jeffrey D. Bores (#226799)
3700 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, MN 55402
Telephone: (612) 339-7300

**Lead Counsel for Plaintiffs**

Date: October ____, 2002.

**SHAPIRO PROFESSIONAL ASSOCIATION**

By ______________________

Lawrence M. Shapiro (#130886)
1060 The Colonnade
5500 Wayzata Boulevard
Minneapolis, MN 55416
Telephone: (763) 542-1716

16. The Court retains jurisdiction to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court may from time to time deem appropriate.

**STIPULATION**

The undersigned counsel for the parties hereby stipulate to entry of this Protective Order. To facilitate execution of this Stipulation, they also agree that facsimile signatures on this Stipulation will have the same binding legal effect as original signatures.

Date: October ____, 2002.

**CHESTNUT & CAMBRONNE, P.A.**

By________________________________
Karl L. Cambronne (#14321)
Jack L. Chestnut (#16378)
Jeffrey D. Bores (#226799)
3700 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, MN 55402
Telephone: (612) 339-7300

Lead Counsel for Plaintiffs

Date: October 14, 2002.

**SHAPIRO PROFESSIONAL ASSOCIATION**

By________________________________
Lawrence M. Shapiro (#130886)
1060 The Colonnade
5500 Wayzata Boulevard
Minneapolis, MN 55416
Telephone: (763) 542-1716

Date: October ____, 2002.

**BERGER & MONTAGUE, P.C.**

By_______________________
Sherrie R. Savett
Elizabeth W. Fox
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

Date: October ____, 2002.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ**

By_______________________
Daniel W. Krazner
Robert B. Weintraub
Scott Farrell
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

Executive Committee for Plaintiffs

Date: October ____, 2002.

**SCHATZ & NOBEL**

By_______________________
Andrew Schatz
Jeffrey S. Nobel
330 Main Street #2
Hartford, CT 06106
Telephone: (860) 493-6292

Date: October ____, 2002.

**BERGER & MONTAGUE, P.C.**

By________________________________

Sherrie R. Savett
Elizabeth W. Fox
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

Date: October 15, 2002.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By________________________________

Gregory Mark Nespole
Robert B. Weintraub
Scott Farrell
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

Executive Committee for Plaintiffs

Date: October ____, 2002.

**SCHATZ & NOBEL**

By________________________________

Andrew Schatz
Jeffrey S. Nobel
330 Main Street #2
Hartford, CT 06106
Telephone: (860) 493-6292

Date: October ____, 2002.

**BERGER & MONTAGUE, P.C.**

By______________________________

Sherrie R. Savett
Elizabeth W. Fox
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

Date: October ____, 2002.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ**

By______________________________

Daniel W. Krazner
Robert B. Weintraub
Scott Farrell
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

Executive Committee for Plaintiffs

Date: October ____, 2002.

**SCHATZ & NOBEL**

By______________________________

Andrew Schatz
Jeffrey S. Nobel
330 Main Street #2
Hartford, CT 06106
Telephone: (860) 493-6292

Date: October 14, 2002.

**LAW OFFICES OF MARC S. HENZEL**

By ______________________
Marc S. Henzel
Third Floor
210 West Washington Square
Philadelphia, PA 19106-3514
Telephone: (215) 625-9999

Date: October ____, 2002.

**ZIMMERMAN REED**

By ______________________
Charles S. Zimmerman
Caroline G. Anderson (#275712)
Suite 501
651 Nicollet Mall
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
Attorneys for Plaintiffs

Date: October ____, 2002.

**FAEGRE & BENSON LLP**

By ______________________
Wendy J. Wildung (#117055)
Karen E. Wilson (#241726)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000

Attorneys for Defendant E.W. Blanch Holdings, Inc., now known as Benfield Blanch Holdings Inc.

Date: October ____, 2002.

**LAW OFFICES OF MARC S. HENZEL**

By________________________________
Marc S. Henzel
Third Floor
210 West Washington Square
Philadelphia, PA 19106-3514
Telephone: (215) 625-9999

Date: October 14, 2002.

**ZIMMERMAN REED**

By [signature]
Charles S. Zimmerman
Caroline G. Anderson (#275712)
Suite 501
651 Nicollet Mall
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
Attorneys for Plaintiffs

Date: October ____, 2002.

**FAEGRE & BENSON LLP**

By________________________________
Wendy J. Wildung (#117055)
Karen E. Wilson (#241726)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000

Attorneys for Defendant E.W. Blanch Holdings, Inc., now known as Benfield Blanch Holdings Inc.

Date: October ____, 2002.

**LAW OFFICES OF MARC S. HENZEL**

By________________________________

Marc S. Henzel
Third Floor
210 West Washington Square
Philadelphia, PA 19106-3514
Telephone: (215) 625-9999

Date: October ____, 2002.

**ZIMMERMAN REED**

By________________________________

Charles S. Zimmerman
Suite 100
901 North Third Street
Minneapolis, MN 55401
Telephone: (612) 341-0844

Attorneys for Plaintiffs

Date: October 10, 2002.

**FAEGRE & BENSON LLP**

By________________________________

Wendy J. Wildung (#117055)
Karen E. Wilson (#241726)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000

Attorneys for Defendant E.W. Blanch Holdings, Inc., now known as Benfield Blanch Holdings Inc.

Date: October 15, 2002.

**DORSEY & WHITNEY LLP**

By ______________________
Peter W. Carter (#0227985)
Daniel J. Brown (#0298992)
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendants Edgar W. Blanch, Jr., Chris L. Walker, Frank S. Wilkinson, Jr., and Ian D. Packer

Date: October ____, 2002.

**FELHABER, LARSON, FENLON & VOGT, P.A.**

By ______________________
David L. Hashmall (#138162)
Suite 4200
601 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 339-6321

Attorneys for Defendant Rodman Fox

Date: October ____, 2002.

**DORSEY & WHITNEY LLP**

By______________________________

Peter W. Carter (#0227985)
Daniel J. Brown (#0298992)
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendants Edgar W. Blanch, Jr., Chris L. Walker, Frank S. Wilkinson, Jr., and Ian D. Packer

Date: October 15, 2002.

**FELHABER, LARSON, FENLON & VOGT, P.A.**

By______________________________

David L. Hashmall (#138162)
Suite 4200
601 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 339-6321

Attorneys for Defendant Rodman Fox

**ORDER**

Upon the foregoing Stipulation,

**IT IS SO ORDERED.**

Date: Oct 16, 2002.

United States Magistrate Judge

**AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA**

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the United States District Court for the District of Minnesota in File No. 01-258(JEL/JGL) pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive "Confidential Materials" under the terms of said Protective Order, any document or information designated as or constituting "Confidential Materials" or any copies or extracts of information derived therefrom, which have been disclosed to me. I further agree to use any "Confidential Materials" disclosed to me solely for the purpose of the action and for no other purpose.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing said Protective Order.

Date: ________________.

Signature: ____________________________

____________________________
Type or Print Name

M2:20482869.02