**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**IN RE E.W. BLANCH HOLDINGS, INC. SECURITIES LITIGATION**

Civil No. 01-258 (JEL/JGL)

**O R D E R**

APPEARANCES

Lawrence Shapiro, Esq. and Karl Cambronne, Esq. for Plaintiffs

Wendy J. Wildung, Esq. and Lianne C. Knych, Esq. for Defendant E.W. Blanch Holdings, Inc.

Peter W. Carter, Esq. and Daniel Brown, Esq. for Defendants Edgar W. Blanch, Jr., Chris L. Walker, Frank S. Wilkinson, Jr., and Ian D. Packer

David Hashmall, Esq. for Defendant Rodman Fox

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 24, 2002 on Plaintiffs' Motion to Strike Objections and to Compel Responses to Discovery Requests (Doc. No. 64). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiffs' motion may be divided into five subparts. First, Plaintiffs ask the Court to require all Defendants to produce for inspection and copying

FILED ... 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

all documents identified in their Rule 26(a)(1) initial disclosures. Second, Plaintiffs seek to have the Court strike several of Defendants' general objections to discovery requests. Third, Plaintiffs contend that Defendants should be required to set forth in a sworn interrogatory answer the identification numbers assigned to documents from which they have stated that the answer may be derived or ascertained. Fourth, Plaintiffs seek to compel Defendants Edgar W. Blanch, Jr., Chris L. Walker, Frank S. Wilkinson, Jr., and Ian D. Packer (collectively "the individual Defendants") to respond to the Second Set of Discovery Requests. Fifth, Plaintiffs ask the Court for an award of attorneys' fees.

## I. DOCUMENTS IDENTIFIED IN DEFENDANTS' RULE 26(a)(1) DISCLOSURES

Federal Rule of Civil Procedure 26(a)(1) requires all parties to make certain disclosures with respect to "all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses." Defendants provided a list of categories of documents that might relate to Plaintiffs' claims. Subsequently, Plaintiffs served a document request asking for all documents referred to in the Rule 26 disclosure. Defendants assert that they have provided seventy-seven boxes of responsive documents. On the other hand, Plaintiffs contend that they have not seen any responsive documents to date.

Plaintiffs do not explain specifically why the documents contained in the seventy-seven boxes are insufficient. It is impossible for the Court to determine in this situation whether the documents produced are indeed responsive. Thus, the Court is forced to conclude that Plaintiffs have not met their burden to show that Defendants' production is inadequate. Without some particular proof that Defendants have not fully and adequately responded to the document request, the Court must accept their representation that the documents have been provided. This aspect of Plaintiffs' motion is denied.

## II. DEFENDANTS' GENERAL OBJECTIONS

Plaintiffs assert that all Defendants responded to two sets of discovery requests with a number of general objections. The particular objections challenged by Plaintiffs in this motion are (1) Defendants' general objection that the discovery requests exceed the scope of permissible discovery, relying on the Private Securities Reform Act of 1985 ("PSLRA"), (2) Defendants' general objection that the discovery requests improperly extend more than two months before the beginning and past the end of the class period, and (3) Defendants' general objection to Plaintiffs' definitions of E.W. Blanch Holdings, Inc. ("EWB") and other corporate entities. Plaintiffs ask the Court to strike these general objections.

As Defendants note and Plaintiffs acknowledge, Plaintiffs are asking the Court to make a universal determination about the propriety of the

objections without considering the objections in the context of any specific discovery requests. The Court appreciates Plaintiffs' position that their intent is to relieve the Court of the great burden which would be caused by bringing such a specific motion possibly implicating all 390 discovery requests. However, the Court also agrees with Defendants that it might not be possible to resolve the issues presented "in a vacuum." The Court will attempt to make a clear and useful ruling regarding the general objections but urges Plaintiffs to follow D. Minn. LR 37.2 in the future.

### A. Defendants' General Objection that the Discovery Requests Exceed the Scope of Permissible Discovery

According to Plaintiffs, Defendants invoked the PSLRA to narrow discovery to only those facts alleged with particularity in the Complaint. The example on which Plaintiffs rely relates to their allegation that EWB fraudulently booked revenues that it knew would never be received. EWB provided discovery on the instances of alleged fraud involving Unicover and HomePlus alleged in the Complaint; however, Plaintiffs seek evidence of other instances where EWB improperly recognized revenues. EWB protests that this exploration would be a "fishing expedition."

Plaintiffs cite In re Maxim Group, Inc. Sec. Litig., No. 1:99CV1280, 2002 WL 987660, at *1 (N.D. Ga. Apr. 23, 2002), for the proposition that the PSLRA does not limit discovery to only those facts pled with particularity in a complaint. While it is true that the court found that the PSLRA itself did not

limit discovery, the court did recognize that Federal Rule of Civil Procedure 26(b)(1) limits discovery to information relevant to a party's claims or defenses. See id. at **1-2. To obtain discovery beyond a party's claim or defense, i.e. "any matter relevant to the subject matter involved in the action," the party must show good cause and obtain a court's permission. Id. at *2 (citing Fed. R. Civ. P. 26(b)(1)). The court ultimately concluded that the discovery should be confined to only the claims and defenses alleged in the case. See id.

In this case, the Court finds that Plaintiffs have not shown good cause to expand discovery beyond the claims and defenses asserted in this case. Not only have Plaintiffs failed to cite to specific discovery requests and argue why they are entitled to the information, but Plaintiffs all but admit they are engaged in a fishing expedition to discover other transactions in which EWB improperly recognized revenues. Plaintiffs offer no support for their belief that EWB engaged in other transactions, only speculation. This does not meet the good cause requirement to expand discovery. The Court declines to strike Defendants' general objection that the discovery requests exceed the scope of permissible discovery.

### B. Defendants' General Objection that the Discovery Requests Improperly Extend More than Two Months Before the Beginning and Two Months Past the End of the Class Period

Plaintiffs contend that Defendants have refused to provide any information or documents before January 1, 1999 and after June 30, 2000.

This time period represents the class period and two months before and after the class period. The Court agrees that Defendants are not warranted in limiting all discovery to this time period, and contrary to Plaintiffs' assertion, Defendants have not. Defendants recognize that the different discovery requests involve different periods of time, and therefore, they did not assert this general objection with respect to every request. (Def. EWB Mem. Opp. Pl's Mot. Strike Objections & Compel Discovery at 15 & n. 8.) Unfortunately, without reviewing the individual interrogatories and document requests, the Court cannot make a determination about whether Defendants' various time limitations were improper. Plaintiffs have not told the Court the time periods set forth in any discovery requests, described the information and documents sought for the time periods, or explained the relevance of information or documents from before January 1, 1999 or after June 30, 2000. For these reasons, this portion of Plaintiffs' motion must be denied.

### C. <u>Defendants' General Objection to Plaintiffs' Definitions of EWB and Other Corporate Entities</u>

EWB objected to Plaintiffs' definitions of EWB, Unicover, and AIG in their discovery responses. Plaintiffs defined each of these entities to include any and all divisions, departments, affiliates, parents, subsidiaries, directors, former directors, officers, employees, agents, attorneys, and other representatives. With respect to EWB, Plaintiffs argue that it has refused to provide important discovery based on its objection to the definitions.

Plaintiffs specifically allege that EWB has refused to produce discovery from Defendant Rodman Fox, the chief executive officer of EWB. Defendants respond that Fox is represented by counsel and that EWB and its counsel are therefore precluded from speaking to Fox about this lawsuit according to Rule 4.2 of the Rules of Professional Conduct. In this case, the Court finds that Defendants' assertion of the general objection was not improper. Plaintiffs have not shown that Rule 4.2 does not apply in this case, and even if it did, Plaintiffs served the same discovery requests directly on Fox, which he answered, and Plaintiffs are therefore not deprived of the information they seek.

EWB does not deny that it has an obligation to disclose the collective knowledge of the corporation and its affiliates, representatives, officers, directors, and employees, and EWB must provide such information to Plaintiffs. It appears to the Court that EWB has not abused the general objection in this case, considering the particular example of Fox. Moreover, Plaintiffs have not identified a single document request or interrogatory where EWB withheld documents or otherwise improperly responded based on this general objection. Nor have Plaintiffs shown the Court why EWB would have any control over documents and information in the possession of Unicover or AIG. Plaintiffs' request to strike Defendants' general objection to Plaintiffs' definitions is denied.

## III. IDENTIFICATION OF DOCUMENTS SPECIFIED UNDER RULE 33(d)

In responding to Plaintiffs' discovery requests, Defendants frequently invoked Federal Rule of Civil Procedure 33(d) to produce business records in lieu of narrative interrogatory answers. However, according to Plaintiffs, Defendants did not identify with specificity the documents from which the answer could be derived or ascertained. Plaintiffs want Defendants to identify responsive documents by bates number.

Defendant EWB has agreed to identify by bates number some of the documents identified in response to interrogatories. (Def. EWB Mem. Opp. Pl's Mot. Strike Objections & Compel Discovery at 22.) All Defendants are ordered to identify by bates number those documents identified in response to Plaintiffs' interrogatories.[1] Rule 33(d) requires a party responding to discovery to specify the records from which the answer may be ascertained, and the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(d).

As for documents that Defendants contend are really disguised document requests, the Court declines to order Defendants to identify

[1] The Court appreciates that Plaintiffs did not identify which Defendants improperly invoked Rule 33(d). For example, the individual Defendants referred to the rule with respect to only two interrogatory answers, and those Defendants appear to have specifically identified the relevant documents. Thus, this portion of the Order does not apply to the individual Defendants.

documents responsive to these requests. Not only have Plaintiffs failed to show that these interrogatories are not, in essence, document requests, but Plaintiffs have not even identified the interrogatories at issue so that the Court may make a determination as to the nature of the discovery requests.

## IV. DISCOVERY REQUESTS SERVED ON THE INDIVIDUAL DEFENDANTS

Specifically, Plaintiffs seek to compel the individual Defendants to provide a response to the "Second Discovery Requests." The individual Defendants represent that they have agreed to supplement their responses and respond to the discovery. In light of Defendants' representation, this issue is moot. To the extent Defendants have not yet supplemented their responses, they are ordered to do so.

## V. ATTORNEYS' FEES

In this case, the Court finds that an award of attorneys' fees is not appropriate.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Objections and to Compel

Responses to Discovery Requests (Doc. No. 64) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: October 25, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge