UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re E. W. Blanch Holdings, Inc.
Securities Litigation

Civ. No. 01-258 (JEL/JGL)
ORDER

This matter is before the Court on a Motion for Partial Judgment on the Pleadings by Defendant Rodman Fox, a Motion for Partial Judgment on the Pleadings by Defendants Edgar W. Blanch, Jr., Chris Walker, Frank S. Wilkinson, Jr., and Ian D. Packer (collectively, Individual Defendants), and a Motion for Partial Summary Judgment by Defendant E. W. Blanch Holdings, Inc. (EWB). The Court concludes that in essence these motions are motions to reconsider the Order issued by the Honorable Michael J. Davis, United States District Judge, on May 22, 2002. "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. R. 7.1(g). Because Fox, the Individual Defendants, and EWB have not shown compelling circumstances that would warrant reconsideration, the Court does not grant them permission to file motions to reconsider. The Court therefore will not consider their motions.

IT IS SO ORDERED.

Dated: December 20, 2002

JOAN ERICKSEN LANCASTER
United States District Judge

FILED DEC 2 0 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.