UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-----------------------------------------------

IN RE E.W. BLANCH HOLDINGS, INC. SECURITIES LITIGATION

Civil File No. 01-258 (JNE/JGL)

-----------------------------------------------

# ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS**, the parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, fixing certain matters in connection with a proposed settlement of the Action, in accordance with a Settlement Agreement (the "Proposed Settlement") entered into by the parties as of April 14, 2003, which is incorporated herein by reference, and dismissing the Action upon the terms and conditions set forth in the Settlement Agreement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties, and after consideration of the Settlement Agreement and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** that:

1. The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all persons, including

FILED APR 16 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED__________
DEPUTY CLERK'S INITIALS__________

EWB employees, who purchased any common stock of E.W. Blanch Holdings, Inc. ("EWB") during the period beginning April 20, 1999 through March 20, 2000, inclusive ("Class Period"), except the defendants, any member of the immediate family of any individual defendant, any entity in which any defendant has a controlling interest, and any legal representative, heir, controlling person, successor, predecessor in interest or assign of any defendant ("Settlement Class"). Also for purposes of the Proposed Settlement only, the Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that William Hauenstein ("Representative Plaintiff") and his counsel of record will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action.

3. For purposes of the Proposed Settlement only, the Court appoints Karl L. Cambronne and the law firm of Chestnut & Cambronne P.A., Minneapolis, Minnesota, as Plaintiff's Lead Counsel to act on behalf of the Settlement Class, the Representative Plaintiff, and the other Class Counsel with respect to the Proposed Settlement. The Court authorizes Plaintiff's Lead Counsel to enter into the Settlement Agreement on behalf of all Class Counsel, the Representative Plaintiff, and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Proposed Settlement.

4. Having reviewed the proposed form of Notice of Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-l to the Settlement Agreement ("Notice of Settlement Hearing"), the Court hereby approves such Notice of Settlement Hearing and directs that Plaintiff's Lead Counsel shall mail, or cause to be mailed, such Notice of Settlement Hearing to all members of the Settlement Class ("Class Members") who can be identified through reasonable effort. The mailing is to be made by first class United

States mail, postage prepaid, at least 45 days prior to the date of hearing on approval of the Proposed Settlement.

5. Having reviewed the proposed form of Summary Notice on Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-2 to the Settlement Agreement ("Summary Notice"), the Court hereby approves such Summary Notice and directs that Plaintiff's Lead Counsel shall cause such Summary Notice to be published once in the national edition of The Wall Street Journal no more than 10 days after the mailing of the Notice of Settlement Hearing and at least 35 days prior to the hearing date for approval of the Proposed Settlement.

6. The Court finds and determines that mailing of the Notice of Settlement Hearing and publication of the Summary Notice constitute the best notice to the Settlement Class practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfy the requirements of due process, of 15 U.S.C. §78u-4(a)(7), and of Rule 23 of the Federal Rules of Civil Procedure.

7. Any Class Member who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Notice of Settlement Hearing. Such request for exclusion must be addressed to Analytics, Inc., in an envelope marked "Request for Exclusion" and received or postmarked on or before June 2, 2003; must refer to the action In re E.W. Blanch Holdings, Inc., Civil File No. 02-258 (JNE/JGL); must include a statement that the Class Member wishes to be excluded from participation in the Proposed Settlement; and must provide the quantity (i.e., the number of shares) of EWB common stock purchased during the Class Period, and the dates of such

purchases. Copies of such requests for exclusion must also be served upon, and received by, the following counsel on or before that same date:

Karl L. Cambronne
Chestnut & Cambronne, P.A.
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402

Plaintiff's Lead Counsel

Wendy J. Wildung
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Attorneys for E.W. Blanch Holdings, Inc.

8. A hearing will be held by this Court in the Courtroom of The Honorable Joan N. Ericksen, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, at 10:30 a.m. on June 16, 2003 ("Settlement Hearing"), to determine: (a) whether the Proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a final judgment should be entered substantially in the form of Exhibit B to the Settlement Agreement; (c) whether the Representative Plaintiff's proposed plan of distribution of the settlement proceeds as described in the Notice of Settlement Hearing ("Plan of Distribution") should be approved as fair and reasonable to the Settlement Class; and (d) whether to approve the application of Plaintiff's Lead Counsel, on behalf of lead plaintiffs and Class Counsel, for an award of attorneys' fees, costs, and expenses ("Fee and Expense Petition"). The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

9. Prior to the Settlement Hearing, Plaintiff's Lead Counsel shall cause an affidavit to be filed with the Court certifying that the Notice of Settlement Hearing has been provided and the Summary Notice has been published as directed in Paragraphs 4 and 5 of this Order.

10. Any Class Member who wishes to object to the Proposed Settlement, the Plan of Distribution, and/or the Fee and Expense Petition, or to appear at the Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and submit a written notice of intention to appear and written objections in the form and manner required by the Notice of Settlement Hearing. Such notice of intention to appear and objections must be addressed to Analytics, Inc.; must refer to the action In Re E.W. Blanch Holdings, Inc. Securities Litigation, Civil File No. 01-258 (JNE/JGL); must be received by Analytics, Inc. by June 2, 2003, a date which is in excess of 10 days prior to the date of the Settlement Hearing; must provide, with respect to each transaction in EWB common stock made by such person during the Class Period, a statement setting forth the date, type of transaction, price, and quantity (i.e., number of shares) of EWB common stock involved; must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefor; and must include all documents and other writings such person wishes the Court to consider. Copies of all materials also must be submitted and received by the following counsel on or before that same date:

Karl L. Cambronne
Chestnut & Cambronne, P.A.
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402

Plaintiff's Lead Counsel

Wendy J. Wildung
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Attorneys for E.W. Blanch Holdings, Inc.

11. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in this Action, to any award of attorneys' fees, costs, and expenses to lead plaintiffs and Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice of Settlement Hearing. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

12. Based upon the preliminary hearing and the Court's analysis of the Plan of Distribution, the Court determines that shares that were both purchased and sold during the Class Period were not damaged.

13. Having reviewed the proposed Proof of Claim Form and Release submitted by the parties as Exhibit A-3 to the Settlement Agreement, the Court hereby approves such Proof of Claim Form and Release and directs that Plaintiff's Lead Counsel shall mail, or cause to be mailed, such Proof of Claim Form and Release at the same time, in the same manner,

and to the same persons, as provided in Paragraph 4 with respect to the Notice of Settlement Hearing.

14. In order to share in any proceeds resulting from the settlement of this Action, Class Members must submit a Proof of Claim Form and Release ("Proof of Claim") in the manner provided therein by no later than June 30, 2003. A Proof of Claim submitted by mail shall be deemed to have been submitted when postmarked, if mailed by first class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by Analytics, Inc. Late claims shall be denied as untimely.

15. Upon the entry of final judgment after the Settlement Hearing, all Class Members, whether or not they have filed a Proof of Claim within the time provided, shall be barred from asserting any claims (except through the Proof of Claim procedures) against any of the defendants arising from the Settled Claims (as defined in Paragraph V(A)(10) of the Settlement Agreement), and all Class Members shall be conclusively deemed to have released any and all such claims.

16. Upon the entry of final judgment after the Settlement Hearing, and upon the Effective Date of the final judgment contemplated by Paragraph V(A)(17) of the Settlement Agreement, which will occur on the date upon which the judgment in this Action becomes not subject to further appeal or review, only persons who are Class Members shall have rights in the distribution of the Settlement Fund created by the Proposed Settlement, except as otherwise ordered by the Court.

17. The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Date: April 16, 2003.

Joan N. Ericksen
United States District Judge

M2:20529066.03