UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-------------------------------------------------

IN RE E.W. BLANCH HOLDINGS,
INC. SECURITIES LITIGATION

Civil File No. 01-258 (JNE/JGL)

-------------------------------------------------

## ORDER FOR FINAL JUDGMENT

**WHEREAS**, the parties to the above-described class action (the "Action")

entered into a Settlement Agreement dated as of April 14, 2003 (the "Settlement"); and

**WHEREAS,** on April, 16, 2003, the Court entered an Order Preliminarily

Approving Settlement, which, inter alia:  (i) preliminarily approved the Settlement;

(ii) determined that, for purposes of the Settlement only, the Action should proceed as a class

action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on

behalf of a class consisting of all persons, including EWB employees, who purchased any

common stock of E.W. Blanch Holdings, Inc. ("EWB") during the period beginning April

20, 1999 through March 20, 2000, inclusive, except the defendants, any member of the

immediate family of any individual defendant, any entity in which any defendant has a

controlling interest, and any legal representative, heir, controlling person, successor,

predecessor in interest or assign of any defendant ("Settlement Class"); (iii) approved the

forms of notice of the Settlement to members of the Settlement Class ("Class Members");

(iv) directed that appropriate notice of the Settlement be given to the Settlement Class; and

(v) set a hearing date for final approval of the Settlement; and

JUN 1 6 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED_____ JUN 1 6 2003
DEPUTY CLERK'S INITIALS_____

**WHEREAS,** notice of the Settlement was mailed to Class Members on April 25, 2003, and thereafter.  The summary notice of the Settlement was published in the national edition of The Wall Street Journal on May 2, 2003; and

**WHEREAS,** on June 16, 2003, at 10:30 a.m., at the United States District Court for the District of Minnesota, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101, The Honorable Joan N. Ericksen held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Settlement Class ("Settlement Hearing"); and

**WHEREAS,** based on the foregoing, having heard the statements of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.     This Court has jurisdiction over the subject matter of the Action.

B.     The form, content, and method of dissemination of the notice given to the Settlement Class, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, was adequate and reasonable, and constituted the best notice practicable under the circumstances.

C.     The notice, as given, complied with the requirements of 15 U.S.C. §78u-4(a)(7) and of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

D.     The Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

E.     The plan of distribution described in the notice to Class Members is fair and reasonable.

F.     The Representative Plaintiff has fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G.     The Representative Plaintiff and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Settlement Agreement.

H.     The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

I.     All parties and counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED**

that:

1.     The Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

1.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.

2.     The Representative Plaintiff and all Class Members are hereby conclusively deemed to have released E.W. Blanch Holdings, Inc., now known as Benfield

Blanch Holdings Inc., Benfield Greig PLC, Benfield Group Ltd.,  E.W. Blanch Co., Benfield

Blanch Inc., Edgar W. Blanch, Jr., Chris L. Walker, Frank S. Wilkinson, Jr., Ian D. Packer,

and Rodman Fox, all and each of them, and all and each of their respective past and present

parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in

interest of any of them, and all of their respective past and present officers, directors,

employees, agents, partners, representatives, spouses, heirs, executors, administrators,

insurers, attorneys, and assigns (collectively the "Settling Defendants"), with respect to any

and all claims, actions, causes of action, rights or liabilities, whether arising out of state or

federal law, including Unknown Claims, which exist or may exist against any of the Settling

Defendants by reason of any matter, event, cause or thing whatsoever arising out of, relating

to, or in any way connected with:  (a) the purchase or sale of any EWB common stock;

(b) any claims that they have had as shareholders of EWB; (c) any of the facts,

circumstances, transactions, events, occurrences, acts, omissions or failures to act that have

been alleged or referred to in any pleading or other paper filed with the Court in this Action;

and (d) any facts, circumstances, transactions, events, occurrences, acts, omissions or failures

to act that could have been alleged in the Action and that relate to the Class Member's

investment or potential investment in EWB (all of the above are "Settled Claims").

   3. The Representative Plaintiff and all Class Members are hereby barred

and permanently enjoined from instituting, asserting or prosecuting, either directly,

representatively, derivatively or in any other capacity, any and all claims which they or any

of them had or may have against the Settling Defendants, or any of them, arising out of,

based upon, or otherwise related to the Settled Claims.

- 4 -

4.     The Court appoints Karl L. Cambronne and the law firm of Chestnut &
Cambronne, P.A. as Plaintiff's Lead Counsel for purposes of administration of the
Settlement.

5.     The plan of distribution of the Settlement Fund as described in the
notice to Class Members is hereby approved, subject to modification by further order of this
Court. Any order or proceedings relating to the plan of distribution or amendments thereto
shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this
Order approving the Settlement Agreement.

6.     The Court hereby decrees that neither the Settlement Agreement nor
this Final Judgment nor the fact of the Settlement is an admission or concession by any
Settling Defendant of any liability or wrongdoing. This Final Judgment is not a finding of
the validity or invalidity of any of the claims asserted or defenses raised in the Action.
Neither the Settlement Agreement nor this Final Judgment nor the fact of Settlement nor the
settlement proceedings nor the settlement negotiations nor any related documents shall be
offered or received in evidence as an admission, concession, presumption or inference
against any Settling Defendant in any proceeding, other than such proceedings as may be
necessary to consummate or enforce the Settlement Agreement.

7.     The parties to the Settlement Agreement, their agents, employees, and
attorneys, and the Escrow Agent, shall not be liable for anything done or omitted in
connection with these proceedings, the entry of this Final Judgment, or the administration of
the payments to Authorized Claimants as provided in the Settlement Agreement, the Escrow
Agreement, and this Order, except for their own willful misconduct.

8.     Class Counsel are awarded attorneys' fees in the amount of $6,666,666.67 (one third of the gross settlement amount) and reimbursement of expenses, including experts' fees and expenses, in the amount of $185,719.33, such amount to be paid from out of the Settlement Fund. Lead plaintiffs are awarded $25,000. for reimbursement of their time expended on the Action, such amount to be paid from out of the Settlement Fund. Payment is to be made to Plaintiff's Lead Counsel on behalf of lead plaintiffs and all Class Counsel.

9.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court; (b) disposition of the Settlement Fund under the terms and conditions of the Settlement Agreement; (c) the Action, until (i) the Effective Date contemplated by Paragraph V(A)(17) of the Settlement Agreement, which will occur on the date upon which the judgment entered pursuant to this Order becomes final and not subject to further appeal or review, and (ii) each and every act agreed to be performed by the parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (d) all parties, for the purpose of enforcing and administering the Settlement Agreement and this Settlement.

10.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

11.     In the event that this judgment does not become Final in accordance with Paragraph V(A)(17) of the Settlement Agreement, then the final judgment shall be

- 6 -

rendered null and void to the extent provided by and in accordance with the Settlement

Agreement, and this Order for Final Judgment shall be vacated.  In such event, all orders

entered and releases delivered in connection with the Settlement shall be null and void,

except to the extent provided by and in accordance with the Settlement Agreement.  In such

event, the Action shall return to its status prior to execution of the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: _____, 2003.
      St. Paul, Minnesota

_____
Joan N. Ericksen
United States District Judge

M2:20528628.04

- 7 -